**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| **ERIC S. MOORE, SR., et al.**, | * |
| | * |
| Plaintiff, | * |
| v. | * Civil Action No: 4:11-cv-122 |
| | * |
| **LAW OFFICES OF** | * |
| **SHAPIRO & BURSON, LLP** | * |
| | * |
| Defendants. | * |

## S&B'S ANSWER TO COUNT III OF THE COMPLAINT

Defendant Shapiro & Burson, LLP ("S&B") hereby answers Count III of the Complaint filed by Plaintiffs Eric S. Moore, Sr. and Brenda Moore, as follows:[1]

1. The allegations of paragraph 1 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

2. The allegations of paragraph 2 constitute a legal opinion, and no response is required.

3. S&B has insufficient information to admit or deny the allegations of paragraph 3, and therefore denies same.

4. S&B admits only that it is a law firm with offices in Fairfax and Virginia Beach, Virginia. As to the remaining allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

5. S&B admits only that pursuant to Virginia law, it sends notices to the borrower

---

[1] S&B has contemporaneously filed a motion to dismiss pursuant to F.R.Civ. P. 12(b)(6) as to Counts I, III and IV. Allegations under Counts I and II are answered as they are incorporated by reference into Count III.

(and borrower's counsel) as required by state law through the mail in connection with the requirements for non-judicial foreclosure sale. As to the remaining allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

6. The allegations of paragraph 6 references a document(s), which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

7. The allegations of paragraph 7 references a document(s), which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

8. As to the allegations of paragraph 8, S&B admits only that all relevant times that BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP handled loan servicing functions in connection with Plaintiff's loan, and that Bank of America, N.A. is successor-by-merger to BAC Home Loans Servicing, LP.

9. The allegations of paragraph 9 constitute legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied. S&B has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

10. S&B has insufficient information to admit or deny the allegations of paragraph 10, and therefore denies same.

11. S&B admits only that it is a law firm, which was referred to handle foreclosure related activities following Plaintiff's default upon its payment obligation under the loan. As to the remaining allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

12. The allegations of paragraph 12 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

13. As to the allegations of paragraph 13, S&B admits only that pursuant to Virginia law, it sends notices to the borrower (and borrower's counsel) as required by state law through the mail in connection with the requirements for non-judicial foreclosure sale, and provides reinstatement figures to borrowers. As to balance of the allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

14. The allegations of paragraph 14 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required.

15. The allegations of paragraph 15 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied. S&B admits only that it sent to Plaintiff a letter a copy of which is reprinted at Exhibit C.

16. In response to the allegations set forth in paragraph 16, S&B admits only that Plaintiff was in default of their payment obligations under the loan. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.

17. The allegations of paragraph 17 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.

18. The allegations of paragraph 18 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate or are contrary to the law, they are denied.

19. The allegations of paragraph 19 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

20. The allegations of paragraph 20 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

21. The allegations of paragraph 21 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

22. The allegations of paragraph 22 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

23. The allegations of paragraph 23 constitute a legal opinion, and no response is required. To the extent the allegations misstate or are contrary to the law, they are denied.

24. The allegations of paragraph 22 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate or are contrary to the law, they are denied.

25. The allegations of paragraph 25 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

26. The allegations of paragraph 26 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

27. The allegations of paragraph 27 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

28. The allegations of paragraph 28 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate or are contrary to the law, they are denied.

29. The allegations of paragraph 29 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

30. The allegations of paragraph 30 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

31. The allegations of paragraph 31 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

32. The allegations of paragraph 32 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

33. The allegations of paragraph 33 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate or are contrary to the law, they are denied.

34. The allegations of paragraph 34 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

35. As to the allegations of paragraph 35, S&B admits only that it sent Plaintiff's counsel the letter dated December 2, 2010 together with exibits therein referenced (which are not attached to the Exhibit D, and to the extent that the allegations reference that document, it speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the balance of allegations, they are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate or are contrary to the law, they are denied.

38. The allegations of paragraph 38 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate, misconstrue, or are contrary to the law, they are denied. S&B affirmatively states that Virginia Code §55-59.1(B) provides does not require an affidavit to be furnished to the trustee at the time of notice, and that further S&B is not the trustee. Notwithstanding the foregoing S&B subsequently obtained the original note.

39. The allegations of paragraph 39 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

## COUNT I

40. The allegations of paragraph 40 do not require a response. To the extent that a response is required, S&B incorporates by reference its response to each of the referenced allegations.

41. The allegations of paragraph 41 constitute a legal opinion or statement of law,

and no response is required. If a response is required, the allegations are denied.

42. The allegations of paragraph 42 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

43. The allegations of paragraph 43 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

## COUNT II

44. The allegations of paragraph 44 do not require a response. To the extent that a response is required, S&B incorporates by reference its response to each of the referenced allegations.

45. The allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

## COUNT III

47. The allegations of paragraph 47 do not require a response. To the extent that a response is required, S&B incorporates by reference its response to each of the referenced allegations.

48. The allegations of paragraph 48 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

49. The allegations of paragraph 49 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

50. The allegations of paragraph 50 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

51. The allegations of paragraph 51 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

52. The allegations of paragraph 52 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

### COUNT IV

53-60. The allegations of paragraphs 53 through 60 relate only to Count IV which is the subject of a motion to dismiss.

61. All allegations that are not expressly admitted are hereby denied, and as to all allegations denied, strict proof is hereby demanded.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a cause of action for which relief may be granted as a matter of law.

2. Plaintiff's claims, on information and belief, are barred under the doctrine of accord and satisfaction in connection, and/or release, including accord and/or release under Plaintiff's modification agreement under the loan.

3. S&B's only role involves representing lenders and/or the substitute trustee in connection with the enforcement of deeds of trust, and related litigation with respect to such security interests, and therefore is excluded from the definition of "debt collector."

4. Plaintiffs' claims are barred by waiver, laches, and/or estoppel.

5. Virginia Code §55-59.1(B) provides does not require an affidavit to be furnished to the trustee, upon notice of the unavailability of the note.

6. S&B avers that at all times its conduct was neither willful, wanton, or reckless,

and at all times S&B acted innocently, in good faith, and without malice or intent to injure Plaintiff.

7. Any violation of any federal or state statute or common law duty by S&B, if any, was unintentional or the result of a bona-fide error notwithstanding the maintenance of policies and procedures reasonably adapted to avoid such error.

8. S&B avers that the availability of statutory damages, if any, are limited to a single recovery under 15 U.S.C. §1692k(a) for the entire proceeding, not per alleged violation.

9. S&B reserves the right to assert any additional or other defenses that may become available, through discovery or at the trial of this matter.

WHEREFORE, having answered, S&B respectfully requests that these Counts of the Complaint be dismissed as to it, that it be awarded its fees in the action, and for such other relief as may be just and proper.

> Respectfully Submitted,
> **SHAPIRO & BURSON, LLP**
> By Counsel
>
> By: /s/ Bizhan Beiramee
> Bizhan Beiramee, Esq., (VSB # 50918)
> Bizhan Beiramee, Esq., P.C.
> 6663 B Old Dominion Drive,
> Third Floor
> McLean, Virginia 22101
> Phone: (703) 483-9600; Fax: (703) 483-9599
> Email: bbeiramee@beiramee.com
> *Counsel for the Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of December, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

> Joseph F. Verser, Esq.
> Jones, Blechman, Woltz & Kelly, P.C.
> 701 Town Center Drive, Suite 800
> P.O. Box 12888
> Newport News, Virginia 23612-2888
> Counsel for the Plaintiffs

> By: /s/ Bizhan Beiramee_____
> Bizhan Beiramee

4841-2350-7726, v. 1