**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **ERIC S. MOORE, SR.,** *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 3:14-cv-00832-DJN |
| **LAW OFFICES OF SHAPIRO BROWN &** **ALT, LLP,** *et al.*, | |
| Defendants. | |

**FIRST FINANCIAL'S OPPOSITION TO MOTION TO COMPEL**

Non-Party First Financial Title Agency of Virginia, Inc. ("FFTVA"), by counsel, hereby opposes the Motion to Compel filed by Plaintiffs [ECF 89], and states as follows:

1.     Not only is the present motion improper in light of FFTVA's good faith efforts to comply with Plaintiffs' subpoena; but given the production of documents available to it, including the production of an affidavit and corporate designee to explain that the company is no longer in operation, the present motion is moot.

2.     Nevertheless, to manufacture a controversy, Plaintiffs disregard and attempt to mischaracterize FFTVA's good faith efforts.  For example, Plaintiffs claim that counsel informed them that FFTVA no longer operated *in Virginia*, emphasizing "*Virginia*" and suggesting that FFTVA operated elsewhere.   However, review of the email attached to Plaintiffs' motion shows counsel did not mince words; FFTVA is not operating in any jurisdiction.[1]

---

[1]     FFTVA ceased operation and closed its offices in early 2012, prior to the filing of the bulk of these lawsuits, including *Boyd*, and prior to the reference to any dispute regarding title examination fees.  *See, e.g., Boyd v. Shapiro, Brown & Alt, LLP ("SBA"), et al.*, E.D. Va. 2:13-cv-273 (filed 10/3/2012), *Campos-Carranza v. SBA, et al.*, E.D. Va. 4:12-cv-94 (filed 6/14/2012), *Gudym v. SBA, et al*, E.D. Va. 4:12-cv-85 (filed 6/1/2012); *MacNaughton v. SBA, et al.*, E.D. Va. 4:12-cv-95 (filed 6/14/2012); *Payne v. SBA, et al.*, E.D. Va. 4:12 v 87 (filed 6/6/2012).

3.      As explained in the affidavit of Jim Hendricks, FFTVA is no longer in operation:

> 4.      The Company is a Virginia Corporation.    It previously operated as a settlement services provider, held an agency with Stewart Title Guaranty Company and provided title and settlement services in offices located in Virginia, for real estate transactions involving Maryland, D.C., and Virginia properties.   It holds Virginia Insurance license number 114234.
>
> 5.      The Company offices have closed.   In early 2012, it ceased providing any services, and generates no income.   Prior to closing, it operated from two locations, one in Virginia Beach, Virginia, and another in Fairfax, Virginia.   It no longer employs any employees.   It no longer provides title and settlement services, and exists only to resolve any outstanding title claims arising from its prior settlements.

Affidavit of James Hendricks (attached as **Exhibit A**).

4.      In fact, from the time of its closing in 2012 until 2014, the only remaining officers of First Financial were David Kayton and Doris Hendricks, respectively.   *See* 2012 and 2013 SCC Annual Report [FFTVA 000026-31] (Attached as **Exhibit B**).   However, the managing shareholder of FFTVA, David Kayton, is elderly and has recently been transferred from a hospital to a skilled nursing facility in Florida.   *See* Ex. A at ¶ 2.   Doris Hendricks is deceased. *See id.* at ¶ 3.   Following her passing in 2014, Mr. Hendricks, who assisted his wife, was named Vice President and Secretary of the corporation.[2]

5.      Thus, in addition to obtaining an affidavit from Mr. Hendricks, David Kayton's son, Mark Kayton, has facilitated a response on behalf of FFTVA, and traveled to Florida to search his father's papers for additional responsive documents.   In addition, former employees were contacted to secure compliance with the subpoena, including Mr. Joseph Wheeler, the former manager of FFTVA's Fairfax office, who has been identified to Plaintiffs.

---

[2]      The corporation maintained its corporate existence to the extent necessary to respond to any title claims/defects arising from prior settlements.   *See* Ex. A at at ¶ 5.

6.      FFTVA's counsel previously informed Plaintiffs' counsel of these complications,

in an email dated October 13, 2015, stating:

> While First Financial exists as an entity, it is no longer in operation. Its operations ceased in late 2011, early 2012, and it let go of its employees at that time. We have made inquiry concerning files in storage in its storage facility, and understand that documents concerning the plaintiffs are not in that facility. Rather, prior to its cessation of operations, for several years, First Financial maintained electronic files, using a program through Stewart Title called SureClose. The files are stored on the system, and copies of the documents for the named plaintiffs were contemporaneously delivered to the law firm upon completion through the SureClose system, which copies have already been produced from the law firm's files. Nevertheless, we are making efforts to obtain access to the SureClose files, to produce the same.

> We are in the process of gathering the corporate documents that you have requested. The managing shareholder, David Kayton, is in Florida, and is hospitalized and is not competent to testify, nor do we expect him to make a recovery. However, his adult son, Mark Kayton, is assisting in obtaining the documents and issuing a formal response, via affidavit as well as designating a corporate designee. Notably, the documents are in Florida, at his father's residence, which requires Mark to travel there to obtain. He expects that he will be able to retrieve the documents this weekend, while he visits his father.

> We have obtained corporate tax returns for the Corporation, and anticipating producing those in some form. We do not intend to produce documents piecemeal. We have made a good faith effort and will continuing do so.

> Moreover, we understand that these issues would be addressed at the discovery conference for third-party discovery on October 28, 2015, and the Court has discouraged the parties from filing discovery motions. We expect that if there any remaining concerns regarding First Financial's response at that time, you will raise them at the conference.

Email dated October 13, 2013 from Bizhan Beiramee to Plaintiffs' counsel, attached as **Exhibit**

**C**.

7.      This information was confirmed in the Affidavit of Mr. Hendricks.  Further, as explained in the email and in the affidavit, because documents were stored on Stewart Title Guaranty Company's SureClose system, documents regarding title examination reports relating to Plaintiffs were transmitted to Shapiro & Burson, LLP through the system, and were produced by Defendants on September 11, 2015 prior to the last settlement conference.

8.      FFTVA also contacted Stewart Title to obtain access to SureClose.  FFTVA's efforts were confirmed in the Affidavit of Mark Kayton.  *See* Ex. A at ¶¶ 9, 10.

9.      Just today FFTVA learned that Stewart Title will assist it to search for the named Plaintiffs' files in SureClose.  FFTVA will produce all relevant, non-privileged, documents that it is able to recover.

10.      FFTVA further located several boxes of documents, mostly vendor invoices and accounts receivable, in the storage unit rented by FFTVA and offered to permit Plaintiffs to review those documents at their convenience.   The parties currently are arranging for copying of the documents.

11.      Further, Mr. Hendricks as corporate designee for FFTVA agreed to appear at a deposition on October 26, 2015, pursuant to Plaintiff's request.   After FFTVA furnished its response to Plaintiffs on October 2, 215 – the deadline imposed by Plaintiffs – Plaintiffs unilaterally cancelled the deposition, claiming they cannot proceed because FFTVA did not comply with the subpoena.

12.      Consequently, Plaintiffs' accusations against FFTVA and its counsel are baseless.  Moreover, by October 9, 2015, the Court had already set a discovery conference for October 28, 2015, to address third-party discovery issues.  FFTVA's counsel understood that the Court was set the discovery conference to avoid the necessity of discovery motions.  Thus, not only is

Plaintiffs' motion meritless, but it is premature.  To the extent that Plaintiffs indicate that one of its premises of the Motion to Compel is "to ensure that FFTVA, as a non-party, is properly before the Court on October 28, 2015. . . .", Mem. In Support of Mt. to Compel at p. 3, FFTVA's counsel was already scheduled to attend.

13.     Both Fed. R. Civ. P. Rule 37(a) and Local Rule 37(E) impose a requirement to confer in good faith prior to filing a discovery motion.  FFTVA submits that the present motion was unwarranted under the circumstances, where the Court already had set a discovery conference to address the issues.  Moreover, under these particular circumstances, there is no refusal to comply; instead, compliance has been complicated due to the managing shareholder's health issues, and the fact that the company is no longer in operation, and has no employees. Therefore, FFTVA's ability to respond to the subpoena was limited, and it has produced what has been accessible to it.  Moreover, relevant documents have already been furnished to Plaintiffs with Defendants' discovery responses.  FFTVA has documented its situation with the aforementioned Affidavit and produced the information it has located within the timeframe demanded by Plaintiffs prior to filing of the present Motion to Compel, as well as offering to produce a corporate designee for a deposition with which Plaintiffs declined to proceed. FFTVA has acted in good faith and in compliance with the subpoena, and the Motion to Compel should be denied.

WHEREFORE, First Financial Title Agency of Virginia, Inc. respectfully requests that the Court deny Plaintiffs Motion to Compel and grant it any further legal or equitable relief as the Court deems appropriate.

Dated: October 26, 2015          Respectfully Submitted,

**FIRST FINANCIAL TITLE AGENCY OF VIRGINIA, INC.,**

By:     */s/ Maryia Yrjeuna Jones*
             Of Counsel

John C. Lynch, Esq. (VSB # 39267)
Megan E. Burns, Esq. (VSB # 35883)
Maryia Yrjeuna Jones, Esq. (VSB # 78645)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone No.: (757) 687-7765
Facsimile No.: (757) 687-1504
Email:  john.lynch@troutmansanders.com
Email:  megan.burns@troutmansanders.com
Email:  maryia.jones@troutmansanders.com

Bizhan Beiramee, Esq. (VSB #50918)
Alexander R. Green, Esq. (VSB #83937)
BEIRAMEE LAW GROUP, P.C.
7508 Wisconsin Avenue, Second Floor
Bethesda, Maryland 20814
Telephone No: (301) 547-3805
Facsimile No.: (703) 483-9599
Email:  bbeiramee@beiramee.com
Email:  agreen@beiramee.com

*Counsel for First Financial Title Agency of Virginia, Inc and Defendants*

**<u>Certificate of Good Faith Efforts Pursuant to Rule 37(a)(1)</u>**

I hereby certify that FFTVA's counsel have in good faith conferred or attempted to confer with Plaintiffs, through counsel, in an effort to resolve the aforementioned discovery dispute.  Such efforts are described more fully herein.

*/s/ Maryia Yrjeuna Jones*
Maryia Yrjeuna Jones, Esq. (VSB # 78645)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone No.: (757) 687-7765
Facsimile No.: (757) 687-1504
Email:  maryia.jones@troutmansanders.com
*Counsel for First Financial Title Agency of Virginia, Inc.*
*and Defendants*

## Certificate Of Service

I certify that on the 26th day of October, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record including the following:

**Counsel for Plaintiffs**

| | |
|---|---|
| Leonard A. Bennett, Esq. | Kristi Cahoon Kelly, Esq. |
| Susan M. Rotkis, Esq. | Andrew J. Guzzo, Esq. |
| Consumer Litigation Associates, P.C. | Kelly & Crandall, Esq. |
| 763 J Clyde Morris Boulevard, Suite 1A | 4084 University Drive, Suite 202A |
| Newport News, Virginia 23601 | Fairfax, VA 22030 |
| Email: lenbennett@clalegal.com | Email: kkelly@kellyandcrandall.com |
| Email: srotkis@clalegal.com | Email: aguzzo@kellyandcrandall.com |
| | |
| Matthew James Erausquin, Esq. | Dale Wood Pittman, Esq. |
| Casey Shannon Nash, Esq. | The Law Office of Dale W. Pittman, P.C. |
| Janelle Mason Mikac, Esq.. | 112-A W Tabb St |
| Consumer Litgation Associates PC (Alex) | Petersburg, VA 23803-3212 |
| 1800 Diagonal Rd | (804) 861-6000 |
| Suite 600 | Fax: (804) 861-3368 |
| Alexandria, VA 22314 | Email: dale@pittmanlawoffice.com |
| Email: matt@clalegal.com | |
| Email: casey@clalegal.com | |

**Counsel for Black Knight Financial Services, Inc.:**

Michael William Tompkins, Esq.
Fidelity National Law Group
8100 Boone Blvd, Suite 610
Vienna, VA 22182-2649
(703) 245-0286
Fax: (703) 821-1618
Email: michael.tompkins@fnf.com

*/s/ Maryia Yrjeuna Jones*
Maryia Yrjeuna Jones, Esq. (VSB # 78645)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone No.: (757) 687-7765
Facsimile No.: (757) 687-1504
Email:  maryia.jones@troutmansanders.com
*Counsel for First Financial Title Agency of Virginia, Inc. and Defendants*